**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FIESTA MART, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 4:18-cv-04704 |
| | ) | |
| ACON INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

1.    *State when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who conferred.*

The Rule 26(f) conference was held on April 3, 2019, with a phone call occurring among Penny P. Reid, Thomas D. Cunningham, and Tiffanie N. Limbrick of the law firm Sidley Austin LLP on behalf of Fiesta Mart, L.L.C. ("Plaintiff") and Robert A. McNeil of the law firm Calhoun Bhella Sechrest, LLP and Michael Ross and Alison Van Horn of the law firm Aegis Law Group, LLP on behalf of ACON Investments, L.L.C. ("Defendant").

2.    *List the cases related to this one that are pending in any state or federal court with the case number and court.*

Parties' Position:  Plaintiff originally filed this action styled as *Fiesta Mart, L.L.C. v. ACON Investments, LLC*, Cause No. 2018-82890 in the 151st Judicial District Court of Harris County, Texas (the "Texas State Court Action").  Defendant removed the Texas State Court Action to this Court on December 13, 2018.

Also on December 13, 2018, Defendant and Fiesta Holdings Investments, L.L.C. ("Fiesta Holdings") filed a related action against Plaintiff's parent corporation, Bodega Latina Corporation ("Bodega"), styled *ACON Investments, L.L.C. and Fiesta Holdings Investments,*

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

*L.L.C. v. Bodega Latina Corporation*, Cause No. N18C-12-147 EMD CLD, in the Superior
Court of the State of Delaware (the "Delaware Action"), based on allegations that Bodega
breached the forum selection clause of the Membership Interest Purchase Agreement ("MIPA"),
pursuant to which it purchased Plaintiff Fiesta Mart from Fiesta Holdings and affiliates of
Defendant ACON in April 2018, by causing Plaintiff to sue Defendant in this Texas Action.
Bodega's motion to stay or dismiss the Delaware Action in favor of this action will be argued on
April 26, 2019.

3.      *Briefly describe what this case is about.*

Plaintiff's Position:  This case is about Defendant's theft of property damage insurance rights
and the resulting proceeds arising from losses sustained by Plaintiff during Hurricane Harvey
(the "Harvey Loss").  These rights and proceeds arise under certain insurance policies insuring
Plaintiff and for which Plaintiff paid the premium.  Plaintiff asserts the following causes of
action related to Defendant's theft: unjust enrichment, tortious interference with contract,
tortious interference with property rights, and conversion.

Defendant's Position:  This case is about Plaintiff's attempt to deprive Defendant of insurance
rights and proceeds under a program of property insurance policies maintained by Defendant to
cover Defendant's interests in Defendant's various portfolio companies, which included Plaintiff,
and their businesses.  The policies define the "Insured" as Defendant and Defendant's affiliate,
Fiesta Holdings Investments, L.L.C. ("Fiesta Holdings"), but not Plaintiff.  Accordingly,
Plaintiff's claims to insurance rights under Defendant's program of property insurance policies
and the resulting proceeds fail *ab initio* on a plain reading of the policies.  Plaintiff's claims to
Hurricane Harvey-related proceeds are, in reality, Bodega's claim that those proceeds should
have conveyed with Plaintiff (but did not) in the MIPA transaction.

4.      *Specify the allegation of federal jurisdiction.*

<u>Parties' Position</u>:  Diversity Jurisdiction.  Defendant removed this action pursuant to 28 U.S.C.

§ 1332 asserting that Plaintiff and Defendant are not citizens of the same state and the amount in

controversy exceeds $75,000, exclusive of interest and costs.  (Dkt. No. 1.)

5.      *Name the parties who disagree and the reasons.*

<u>Parties' Position:</u>  The Parties do not contest federal jurisdiction.

6.      *List anticipated additional parties that should be included, when they can be added, and*
         *by whom they are wanted.*

<u>Parties' Position</u>:  None.

7.      *List anticipated interventions.*

<u>Plaintiff's Position</u>:  None.

<u>Defendant's Position</u>: As the Insured under the insurance policies at issue, Fiesta Holdings

Investments, L.L.C. may seek to intervene to protect its rights and interests in the policies'

proceeds.

8.      *Describe class-action issues.*

<u>Parties' Position</u>:  None.

9.      *State whether each party represents that it has made the initial disclosures required by*
         *Rule 26(a).  If not, describe the arrangements that have been made to complete the*
         *disclosures.*

<u>Plaintiff's Position</u>:  The Parties should make their initial disclosures by April 18, 2019.

<u>Defendant's Position</u>:  Defendant has moved to dismiss this action for *forum non conveniens*.

Should the Court deny Defendant's motion to dismiss, the Parties should make their initial

disclosures within 10 days following the Court's decision.

<u>**JOINT DISCOVERY/CASE MANAGEMENT PLAN**</u>                                                    **PAGE 3**

10.  *Describe the proposed agreed discovery plan, including:*

    A.  *Responses to all the matters raised in Rule 26(f).*

        i.  <u>Rule 26(f)(3)(A) - Initial Disclosures</u>

<u>Parties' Position</u>:  No changes need to be made in the form or requirement for disclosures under Rule 26(a), and initial disclosures will be made as agreed in Paragraph 9, *supra*.

        ii.  <u>Rule 26(f)(3)(B) - Subjects and Phases of Discovery</u>

<u>Plaintiff's Position</u>:  Fact discovery should be completed by September 13, 2019.  Expert discovery should be completed by January 24, 2020.

<u>Defendant's Position</u>:  Fact discovery should be completed within 9 months following the Court's decision on Defendant's motion to dismiss.  Expert discovery should be completed within 13 months following the Court's decision on Defendant's motion to dismiss.

<u>Parties' Position</u>:  Discovery need not be completed in phases or confined to certain issues.

Anticipated discovery will focus on:

- Facts and circumstances regarding Defendants' program of insurance policies, the identity of the Insureds under those policies, the property damage and business interruption loss to Fiesta Mart stores resulting from Hurricane Harvey, the repair of those stores, and the submission and payment of proofs of loss respecting loss resulting from Hurricane Harvey.

- Facts and circumstances regarding respective rights of Plaintiff and Defendant under subject insurance policies and proceeds thereto respecting property damage resulting from Hurricane Harvey.

- Facts and circumstances regarding Plaintiff's alleged damages.

        iii.  <u>Rule 26(f)(3)(C) – Electronically Stored Information</u>

<u>Parties' Position</u>:  The Parties do not anticipate any issues about disclosure or discovery of electronically stored information, and believe they can agree on the form or forms it shall be produced in.  The Parties agree to accept service of documents and communications pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

<u>**JOINT DISCOVERY/CASE MANAGEMENT PLAN**</u>           **PAGE 4**

iv.        Rule 26(f)(3)(D) – Privileged Material

Parties' Position:  The Parties do not anticipate any issues about claims of privilege or of

protection as trial preparation materials; however, as discovery has not yet commenced the

parties have not yet determined what may be privileged, but the Parties believe they can agree on

a procedure to assert those claims, if any arise.  Specifically, the Parties intend to enter into a

Confidentiality Agreement and Protective Order governing the confidential treatment of

documents and potential privilege issues.  This Confidentiality Agreement and Protective Order

will include terms related to providing a privilege log within 14 days of producing documents

that will identify the following characteristics of the withheld document(s): date, author,

recipients, subject matter, and basis of assertion of privilege; return of inadvertently produced

documents; two levels of confidentiality: confidential and attorneys' eyes only; and destruction

of documents after the conclusion of the case.

v.        Rule 26(f)(3)(E) – Limits on Discovery

Parties' Position:  At this time, the Parties have no requests for the Court to limit the scope of

discovery other than the limits imposed by applicable law.

vi.        Rule 26(f)(3)(F) – Additional Orders Needed

Parties' Position:  At this time, the Parties have no requests for any other orders that the Court

should issue under Rule 26(c) or under Rule 16(b) or (c).  In addition, the Parties have not yet

reached any agreements for asserting claims of attorney-client privilege or of trial preparation

protection after production, but will address these issues as they arise during the normal course

of discovery.  Should the Parties be unable to reach an agreement related to the Confidentiality

Agreement and Protective Order, the Parties may respectfully request the Court's intervention.

B.        *When and to whom the plaintiff anticipates it may send interrogatories.*

Plaintiff's Position:  Plaintiff will send interrogatories to Defendant by May 9, 2019.

     *C.     When and to whom the defendant anticipates it may send interrogatories.*

<u>Defendant's Position</u>:  Defendant will send interrogatories to Plaintiff within one month

following the Court's decision on Defendant's motion to dismiss.

     *D.     Of whom and by when the plaintiff anticipates taking oral depositions.*

<u>Plaintiff's Position</u>:  Plaintiff anticipates taking the following depositions: Defendant's corporate

representative(s); certain of Defendant's current and former employees, including but not limited

to Kenneth R. Brotman; Teresa Y. Bernstein, and Sumi Kulkarni; employees or representatives

of the insurance broker(s) involved in administering the policies at issue; any expert(s)

designated by Defendant; and any other witnesses that may be identified through discovery.

Oral depositions will be completed by September 13, 2019.

     *E.     Of whom and by when the defendant anticipates taking oral depositions.*

<u>Defendant's Position</u>:  Defendant anticipates taking the following depositions: Plaintiff's

corporate representative(s); certain of Plaintiff's current and former employees, including but not

limited to Wayne Peterson, Stacy Walker, and David Olson; representatives of Plaintiff's owner,

Bodega, including but not limited to Jack Hook and Carlos Smith; any expert(s) designated by

Plaintiff; and any other witnesses that may be identified through discovery.  Oral depositions will

be completed within 9 months following the Court's decision on Defendant's motion to dismiss.

     *F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.*

<u>Plaintiff's Position</u>:  Each party designates and provides initial expert report(s) by November 8,

2019, and that each party designates rebuttal experts and provides expert report(s) by December

13, 2019.

Defendant's Position:  Each party designates and provides initial expert report(s) within 10 months following the Court's decision on Defendant's motion to dismiss, and each party designate rebuttal experts and provides expert report(s) by 12 months following the Court's decision on Defendant's motion to dismiss.

> G.   *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff's Position:  Experts have not yet been identified but the Plaintiff anticipates any depositions of experts to be completed by January 24, 2020.

> H.   *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Defendant's Position:  Experts have not yet been identified but the Defendant anticipates any depositions of experts to be completed within 13 months of the Court's decision on its motion to dismiss.

11.   *If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.*

Plaintiff's Position:  Plaintiff disagrees with Defendant's position that discovery should not proceed until after the Court has ruled on Defendant's Motion to Dismiss for *Forum Non Conveniens* or Transfer Under 28 U.S.C. § 1404(a) (Dkt. No. 3).  The crux of Defendant's motion is that, while there is a justiciable dispute between the parties, it is not properly heard by this Court but rather one in Delaware.  As a practical matter then, this Court's ruling on Defendant's motion will not dispose of the entire case but rather determine where it will be heard – Texas or Delaware.  Discovery will proceed regardless of venue.  Since the locus of where the dispute is heard does not impact that this dispute will be heard, discovery thus is warranted.

*Boltex Mfg. Co., L.P. v. Ulma Forja, S. Coop*, No. H-17-1400, 2017 WL 7798667, *1 (S.D. Tex. Oct. 24, 2017) (finding that stay of discovery pending motion to dismiss "is the exception, not

the rule," particularly where motion would not result in resolution of entire case); *see also Hernandez v. Baylor Univ*., No. 6-16-cv-069, 2016 WL 9450693, *2 (W.D. Tex. Sept. 21, 2016) ("'[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.'") (quoting *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990)).  Accordingly, the parties will not be unduly prejudiced or burdened by proceeding with discovery in this Court.

Defendant's Position:  Defendant's position is that discovery should not proceed until the Court rules on its pending motion to dismiss for *forum non conveniens*.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981) ("Requiring extensive investigation would defeat the purpose of [a *forum non conveniens*] motion."); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").  Defendant requests a stay of discovery until its motion to dismiss is resolved because (i) the motion itself requires no discovery, (ii) the facts sought through discovery will not affect resolution of the motion, (iii) the case may be finally concluded as a result of resolution of the motion, and (iv) discovery on all issues of the Complaint while the potentially dispositive motion is pending would be wasteful and burdensome.  *See Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir.1987) (upholding trial court's decision to stay discovery pending decision on *forum non conveniens* motion, because permitting discovery would defeat purpose of motion); *Grant v. Ocwen Loan Serv., LLC,* No. 3:15-cv-1376-J-34PDB, 2016 WL 8997474, at *1 (M.D. Fla. 2016) ("Because no party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery

pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

*12.   Specify the discovery beyond initial disclosures that has been undertaken to date.*

Parties' Position:  None.

*13.   State the date the planned discovery can reasonably be completed.*

Plaintiff's Position:  Plaintiff proposes that written discovery be served by July 31, 2019, and that fact discovery be completed by September 13, 2019.

Defendant's Position:  Defendant proposes that written discovery be served within 3 months, and that fact discovery be completed within 9 months, following the Court's decision on Defendant's motion to dismiss.

*14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.*

Parties' Position:  The Parties agree that mediation may be beneficial.

*15.   Describe what each party has done or agreed to do to bring about a prompt resolution.*

Parties' Position:  Plaintiff demanded return of insurance proceeds relating to the Harvey Loss via letter on October 4, 2018.  On October 10, 2018, Defendant responded by letter refusing to make any payment of proceeds to Plaintiff.  Further, there have been principal to principal discussions, but settlement discussions are not presently ongoing.  The Parties may agree to mediation at a later date, if appropriate.

*16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.*

Parties' Position:  The Parties agree that mediation may be beneficial.

17.     *Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.*

Parties' Position:  The Parties do not wish to proceed before a magistrate judge.

18.     *State whether a jury demand has been made and if it was made on time.*

Parties' Position:  Plaintiff timely demanded a trial by jury with its Original Petition on November 16, 2018.  Pursuant to Rule 81(c)(3)(A), Plaintiff need not renew the demand after removal.

19.     *Specify the number of hours it will take to present the evidence in this case.*

Parties' Position:  The Parties anticipate that this case will take 30 to 40 hours for both sides to present their case.

20.     *List pending motions that could be ruled on at the initial pretrial and scheduling conference.*

Parties' Position:  None.

21.     *List other motions pending.*

Parties' Position:  Defendant's Motion to Dismiss for *Forum Non Conveniens* or Transfer Under 28 U.S.C. § 1404(a) (Dkt. No. 3) filed on December 20, 2018.

22.     *Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.*

Parties' Position:  None.

23.     *Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.*

Parties' Position:  Plaintiff filed its Certificate of Interested Parties on December 31, 2018 (Dkt. No. 7), and Defendant filed its Disclosure of Interested Person on February 13, 2019 (Dkt. No. 12).  Pursuant to this Court's Order of March 18, 2019, the Parties filed a Joint Submission of Verified Proof of Citizenship on March 26, 2019 (Dkt. No. 16).

24.     *List the names, bar numbers, addresses and telephone numbers of all counsel.*

Robert A. McNiel
State Bar No. 24043814
Paul Green
State Bar No. 24081405
CALHOUN BHELLA & SECHREST
325 N. Saint Paul Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 981-9200

*Counsel for Defendant ACON
Investments, LLC*

Penny P. Reid
State Bar No. 15402570
Fed. Bar No. 23583
Tiffanie N. Limbrick
State Bar No. 24087928
Fed. Bar No. 2799856
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300

Thomas D. Cunningham, *admitted pro
hac vice*
Illinois Bar No. 6229088
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

*Counsel for Plaintiff Fiesta Mart, L.L.C.*

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                        **PAGE 11**

Dated:  April 16, 2019

Respectfully Submitted and Approved,

*s/ Robert A. McNiel*

Robert A. McNiel
State Bar No. 24043814
Paul Green
State Bar No. 24081405
CALHOUN BHELLA & SECHREST
325 N. Saint Paul Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 981-9200
Fax: (214) 981-9203
rmcniel@cbsattorneys.com
pgreen@cbsattorneys.com

*Counsel for Defendant ACON
Investments, L.L.C.*

*s/ Penny P. Reid*

Penny P. Reid
State Bar No. 15402570
Fed. Bar No. 23583
preid@sidley.com
Tiffanie N. Limbrick
State Bar No. 24087928
Fed. Bar No. 2799856
tlimbrick@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Fax: (214) 981-3400

Thomas D. Cunningham, *admitted pro
hac vice*
Illinois Bar No. 6229088
tcunningham@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036

*Counsel for Plaintiff Fiesta Mart, L.L.C.*