IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| FIESTA MART, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 4:18-cv-04704 |
| v. | ) ) | Judge Ewing Werlein, Jr. |
| ACON INVESTMENTS, L.L.C., | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT ACON INVESTMENTS, L.L.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant ACON Investments, L.L.C. ("ACON") hereby answers the First Amended Petition filed by Plaintiff Fiesta Mart, LLC's ("Fiesta Mart") and states as follows:

**I.
INTRODUCTION**

1. Denied.

**II.
DISCOVERY CONTROL PLAN**

2. The allegations in Paragraph 2 require no answer on behalf of ACON. If, however, a response is required, all allegations are denied.

**III.
REQUEST FOR DISCLOSURE**

3. The allegations in Paragraph 3 require no answer on behalf of ACON. If, however, a response is required, all allegations are denied.

**IV.
PARTIES**

4. Admitted.

5. ACON admits that it is a Delaware limited liability company with its principal place of business in Washington, D.C. ACON admits that its office address is 1133 Connecticut Avenue, N.W., Suite 700, Washington, D.C. 20036. The remainder of the allegations in Paragraph 5 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## V.
## JURISDICTION AND VENUE

6. Admitted.

7. ACON admits that the Court has personal jurisdiction over it. ACON admits that it has conducted business in the state of Texas. ACON denies the remaining allegations in Paragraph 7.

8. ACON admits that venue is proper. The remainder of the allegations in Paragraph 8 set forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## VI.
## FACTUAL BACKGROUND

9. ACON lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, but if a response is required, all allegations are denied.

**A.     Hurricane Harvey**

10. ACON admits that on or about August 25, 2017, Hurricane Harvey made landfall in Texas causing damage and dislocation to Houston businesses and residents. ACON admits that the Fiesta Mart store at Mesa and Tidwell (Store #23) in Houston sustained damage. ACON admits that Store #23 reopened on or about October 4, 2017. ACON lacks knowledge or information sufficient to form a belief as to the remaining allegations, but if a response is required all remaining allegations are denied.

11. ACON admits that Hurricane Harvey damaged Fiesta Mart Stores #56 and #10. ACON admits that Store #56 was located at 4330 Highway 6 North in Houston, Texas 77084. ACON admits that Store #56 took on approximately 9 feet of flood water. ACON lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 11, but if a response is required, all allegations are denied.

12. ACON admits that Fiesta Mart operated, owned, or leased Stores 10, 23, and 56 and other stores. ACON admits that Stores 10, 23, and 56 suffered property damage due to Hurricane Harvey. ACON admits that business at Stores 10, 23, and 56 was interrupted due to Hurricane Harvey. ACON denies the remainder of the allegations in Paragraph 12.

13. ACON admits that Fiesta Mart suffered losses due to the interruption of business resulting from Hurricane Harvey. ACON denies the remainder of the allegations in Paragraph 13.

**B.    The Primary Policies**

14. ACON denies that Fiesta Mart was an insured under the several property insurance policies. ACON admits that it maintained a program of property insurance policies covering its interests in its various portfolio companies and their businesses, including Fiesta Mart. ACON admits that, at the primary level, it maintained seven policies, at least six of which are set forth in the chart. ACON admits that at least six of the seven policies were for the policy period reflected in the chart. ACON lacks knowledge and information at this time with respect to the allegations regarding the Certain Underwriters at Lloyd's of London (Hiscox) policy. ACON denies that the chart accurately reflects the policy limits or the percentage of primary layer. ACON states that the policies speak for themselves. ACON denies the remaining allegations in Paragraph 14.

15. ACON states that the allegations in Paragraph 15 contain legal conclusions to which no response is required, but if a response is required, all allegations are denied. ACON admits that at least six of the seven policies contain the language quoted in Paragraph 15, along

with other language not cited therein. Answering further, ACON states that the policies speak for themselves. ACON denies the remainder of the allegations in Paragraph 15.

16. Denied.

17. ACON admits that at least six of the seven policies contain the language quoted in Paragraph 17, along with other language not cited therein, and refer to a deductible of $250,000 for certain perils and an "Allocated Premium." Answering further, ACON states that the policies speak for themselves. ACON denies the remainder of the allegations in Paragraph 17.

18. ACON admits that one of the primary policies is Policy No. 0310-7409-1A issued by Allied World Assurance Company for the period June 1, 2017 to June 1, 2018, and that it contains an Endorsement A1 that includes the language cited it Paragraph 18, along with other language not cited therein. ACON denies the remainder of the allegations in Paragraph 18.

19. ACON admits that it allocated the premium for the Allied World Assurance Company policy among its portfolio companies, including Fiesta Mart. ACON admits that the insurance broker collected the premiums allocated among its portfolio companies. ACON lacks information or knowledge sufficient to form a belief as to the remainder of the allegations, but if a response is required, all remaining allegations are denied.

20. ACON admits that Fiesta Mart sent its premium allocation to the insurance broker. ACON denies the remainder of the allegations in Paragraph 20.

21. ACON admits that each portfolio company, including Fiesta Mart, sent its premium allocation to the insurance broker, which paid the insurance companies directly. ACON denies the remainder of the allegations in Paragraph 21.

22. Denied.

23. ACON denies that the language set forth in Paragraph 23 accurately quotes the language in the primary policies. ACON admits that at least six of the primary policies contain

language substantially similar to that set forth in Paragraph 23, along with attached endorsement schedules and other language not cited therein. ACON states that the policies speak for themselves. ACON denies the remainder of the allegations in Paragraph 23.

24. ACON admits that from June through August 2017, when the primary policies were issued and Hurricane Harvey caused property damage, Fiesta Mart was an affiliated limited liability company. ACON denies the remainder of the allegations in Paragraph 24.

25. Denied.

26. ACON lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26. To the extent a response is required, the allegations are denied.

27. ACON admits that each of the primary policies was in force when Fiesta Mart stores were damaged and when business at the stores was interrupted as a result of Hurricane Harvey. ACON denies the remainder of the allegations in Paragraph 27.

28. Admitted.

C. **Fiesta Submits the First Proofs of Loss**

29. ACON admits that at least six of the primary policies contain the language set forth in Paragraph 29, along with other language not cited therein. ACON denies the remainder of the allegations in Paragraph 29.

30. ACON admits that at least six of the primary policies contain the language set forth in Paragraph 30, along with other language not cited therein. ACON denies the remainder of the allegations in Paragraph 30.

31. Denied.

32. ACON admits that the first partial proofs of loss purport to have been notarized in Harris County, Texas. ACON lacks information or knowledge sufficient to form a belief as to the remainder of the allegations in Paragraph 32.

33. ACON admits that the first partial proofs of loss refer to a "Flood (CAT #1743) loss" that occurred on August 26, 2017, and the cause and origin of loss was "Flood loss associated with CAT #1743 – Hurricane Harvey." ACON admits the property described in the first partial proofs of loss was "Multiple properties (grocery stores/supermarkets) in Houston, TX." ACON admits that the interest of the insured described in the first partial proofs of loss is "Fiesta Mart, L.L.C." ACON denies that the first partial proofs of loss do not identify the person that had an interest in the identified property. ACON states that the first proofs of loss identify the insureds as "ACON Investments, LLC (ACON Fiesta Holdings, LLC)." ACON admits that in the section to identify any persons other than ACON Investments, LLC (ACON Fiesta Holdings, LLC) that had an interest therein, the proofs of loss state "None." ACON admits that some of the first partial proofs of loss set forth claim numbers. ACON denies the remainder of the allegations in Paragraph 33.

34. ACON denies that the broker for the primary policies is Willis of Illinois, Inc. ACON admits that, in connection with the first partial proofs of loss, it directed the broker Willis to have payment made directly to Fiesta Mart and that Willis directed payment to be issued to Fiesta Mart. ACON denies the remainder of the allegations in Paragraph 34.

35. Denied.

36. ACON admits that the insurance companies made partial payment of $7.5 million to Fiesta Mart. ACON lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 36, but if a response is required the remaining allegations are denied.

37. Denied.

D.     **<u>Fiesta Mart's Business Interruption Loss</u>**

38.     ACON admits that Fiesta Mart stores were damaged by Hurricane Harvey, and that Fiesta Mart suffered loss from the interruption of business due to Hurricane Harvey. ACON denies the remaining allegations in Paragraph 38.

39.     ACON denies that the language set forth in Paragraph 39 accurately quotes the language in each primary policy. ACON admits that at least six of the primary policies contain language substantially similar to that set forth in Paragraph 39, along with other language not cited therein. ACON denies the remaining allegations in Paragraph 39.

40.     ACON admits that Fiesta Mart sustained loss resulting from the interruption of business at certain stores due to Hurricane Harvey. ACON states that the remaining allegations in Paragraph 40 contain legal conclusions to which no response is required. If a response is required, ACON denies the remaining allegations in Paragraph 40.

41.     ACON admits that Fiesta Mart conducted business at and owned, leased, or operated stores. ACON denies the remaining allegations in Paragraph 41.

42.     ACON admits that forensic accountants retained on behalf of primary policy insurers contacted Fiesta Mart to gather information about the business at certain Fiesta Mart stores. ACON lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 42. If a response is required, ACON denies the allegations.

43.     ACON lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 43. If a response is required, ACON denies the allegations.

44.     ACON lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44. If a response is required, ACON denies the allegations.

45.     ACON lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 concerning materials sent by Willis in September 2018, but if a

response is required, ACON denies those allegations. ACON denies the remaining allegations in Paragraph 45.

E.  **ACON Sells Fiesta**

  46.  Denied.

  47.  Denied.

F.  **ACON Submits the Second Proofs of Loss Despite Having Sold Fiesta**

  48.  ACON admits that, in or about August 2018, it submitted signed and notarized second partial proofs of loss claiming $4,780,347 in property damage (after a $250,000 deductible) resulting from Hurricane Harvey under the primary policies. ACON admits that the $4,780,347 claimed was part of partial loss and damage of $12,530,347, less a $250,000 deductible and $7,500,000 first partial payment. ACON denies the remaining allegations in Paragraph 48.

  49.  ACON admits that the second partial proofs of loss indicate they were sworn statements signed by Teresa Y. Bernstein and notarized in Washington, D.C. ACON denies the remaining allegations in Paragraph 49.

  50.  ACON lacks information or knowledge as to the allegations in Paragraph 50, but if a response is required, ACON denies the allegations in Paragraph 50.

  51.  Admitted.

  52.  ACON admits that the second partial proofs of loss referred to the same Flood loss associated with CAT #1743 -- Hurricane Harvey, property, claim numbers, and interest of ACON and ACON Fiesta Holdings, LLC in the property as the first proofs of loss, and similarly identified the insureds as ACON and ACON Fiesta Holdings, LLC and no others. ACON denies the remaining allegations in Paragraph 52.

  53.  ACON admits that, as represented in the second partial proofs of loss, at the time of the Flood (CAT #1743) loss, its interest as the insured in the property described was Fiesta

Mart, L.L.C. ACON further admits that, as of August 2018, Bodega Latina Corporation had purchased the interests of ACON affiliated entities in Fiesta Mart Investments, L.L.C., the 100% indirect owner of Fiesta Mart, pursuant to a Membership Interest Purchase Agreement ("MIPA"). ACON denies the remaining allegations in Paragraph 53.

G. **ACON Usurps Fiesta's Right to insurance Recovery for the Second Proofs and Misappropriates the Resulting $4,780,347 in Insurance Proceeds**

54. ACON lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 54. If a response is required, ACON denies the allegations in Paragraph 54.

55. ACON lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 55. If a response is required, ACON denies the allegations in Paragraph 55.

56. ACON lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 56. If a response is required, ACON denies the allegations in Paragraph 56.

57. ACON admits that it has received $4,302,312 in insurance proceeds from the primary policies claimed in the second partial proofs of loss in connection with property damage resulting from Hurricane Harvey. ACON denies that it has received any monies under the primary policies with respect to business interruption losses resulting from Hurricane Harvey. ACON denies the remaining allegations in Paragraph 57.

58. Denied.

59. Admitted.

60. ACON lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 60. If a response is required, ACON denies the allegations in Paragraph 60.

## VII.
## CAUSES OF ACTION

### A. Unjust Enrichment

61. ACON hereby incorporates the responses in Paragraphs 1 through 60 above in response to the allegations in Paragraph 61, as if fully set forth herein. To the extent that additional responses are required, all allegations are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied

### B. Tortious Interference with Contract

67. ACON hereby incorporates the responses in Paragraphs 1 through 60 above in response to the allegations in Paragraph 67, as if fully set forth herein. To the extent that additional responses are required, all allegations are denied.

68. ACON admits that at least six of the primary policies contain the language set forth in Paragraph 68, along with other language not cited therein. Answering further, ACON states that the language of the policies must be construed as a whole. ACON denies the remaining allegations in Paragraph 68.

69. Denied.

70. Denied.

71. Denied.

### C. Tortious Interference with Property Rights

72. ACON hereby incorporates the responses in Paragraphs 1 through 60 above in response to the allegations in Paragraph 72, as if fully set forth herein. To the extent that additional responses are required, all allegations are denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### D. Conversion

77. ACON hereby incorporates the responses in Paragraphs 1 through 60 above in response to the allegations in Paragraph 77, as if fully set forth herein. To the extent that additional responses are required, all allegations are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## VIII.
## DAMAGES

82. ACON hereby incorporates the responses in Paragraphs 1 through 81 above in response to the allegations in Paragraph 82, as if fully set forth herein. To the extent that additional responses are required, all allegations are denied.

83. Denied.

# IX.
# CONDITIONS PRECEDENT

84. ACON hereby incorporates the responses in Paragraphs 1 through 83 above in response to the allegations in Paragraph 84, as if fully set forth herein. To the extent that additional responses are required, all allegations are denied.

85. Denied.

# X.
# JURY DEMAND

ACON states that the Jury Demand Paragraph contains legal conclusions to which no response is required, but if a response is required ACON denies the allegations in the Jury Demand Paragraph.

# XI.
# PRAYER

ACON denies that Fiesta Mart is entitled to the relief requested in the Prayer for Relief, or any other relief in this action.

### AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, ACON asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery from its claims, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by Defendant's privilege to protect its own financial interests.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of justification.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part for failure to join a necessary party.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because of the failure of a condition precedent.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Any damages claimed by Plaintiff should be reduced or entirely eliminated under the doctrine of offset.

**ELEVENTH AFFIRMATIVE DEFENSE**

Fiesta Mart's claims are barred in whole or in part because its damages, if any, were the result of its own business decisions and actions.

**TWELFTH AFFIRMATIVE DEFENSE**

ACON reserves the right to assert additional defenses the bases of which are revealed in discovery or through further investigation.

Dated: Houston, Texas
June 25, 2019

Respectfully submitted,

/s/ Robert A. McNiel
Robert A. McNiel
State Bar No. 24043814
Paul Green
State Bar No. 24081405
CALHOUN BHELLA & SECHREST
325 N. Saint Paul Street, Suite 2300
Dallas, Texas 75201
Tel: (214) 981-9200
Fax: (214) 981-9203
rmcniel@cbsattorneys.com
pgreen@cbsattorneys.com

*Counsel for ACON Investments, L.L.C.*

Of Counsel:

Michael K. Ross
Paul C. Rauser
Alison Van Horn
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Ste. 740
Washington, D.C. 20004
Tel: (202) 737-3500
Fax: (202) 735-5071
mross@aegislawgroup.com
prauser@aegislawgroup.com
avanhorn@aegislawgroup.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Defendant's Answer and Counterclaim was served on the following counsel of record via ECF and email on June 25, 2019.

Penny P. Reid
Tiffanie N. Limbrick
Sidley Austin LLP
2021 McKinney Avenue, Ste. 2000
Dallas, TX 75201
preid@sidley.com
tlimbrick@sidley.com

Thomas D. Cunningham
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
tcunningham@sidley.com

                                                  */s/ Robert A. McNiel*
                                                  Robert A. McNiel