IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIESTA MART, L.L.C, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:18-cv-04704 |
| vs. | § § | Hon. Ewing Werlein, Jr. |
| ACON INVESTMENTS, LCC, | § § § | |
| *Defendant.* | § § § | |

**[PROPOSED] AGREED PROTECTIVE ORDER**

Upon motion of all the parties for an Agreed Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. All Classified Information (defined below) produced or exchanged in the course of this matter shall be used solely for the purpose of the above-captioned litigation and any related settlement negotiations (collectively, the "Litigation") and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

**Definitions**

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," a party to this action or a third party from whom documents have been subpoenaed or otherwise sought in this action (hereinafter "Party" or collectively "Parties") will make such designation only as to the information that it in good faith believes contains confidential information. Information or

material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

    3.    "Qualified Persons," as used herein means:

    a.    Attorneys of record for the Parties, including the Party's in-house counsel, and employees or agents of such attorneys to whom it is necessary that the material be shown for purposes of this Litigation;

    b.    Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "Attorneys' Eyes Only" information to such persons and who shall sign <u>Exhibit A</u> hereto agreeing to be bound by the terms of this Protective Order;

    c.    The Party or representative thereof (in cases where the Party is a legal entity) who shall sign <u>Exhibit A</u> hereto agreeing to be bound by the terms of this Protective Order;

    d.    The Court, personnel of the Court (including personnel in the Clerk's office), deposition stenographers, and deposition videographers;

    e.    Any other person to whom the Parties agree in writing, however that such person shall be provided a copy of this Protective Order and shall agree to be bound by the terms of this Order, and shall so acknowledge by executing, prior to receipt of or access to Confidential Information, <u>Exhibit A</u> hereto; and

    f.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all Parties.

**Designations**

4. Documents produced in this action may be designated in good faith by any Party or Parties from whom documents have been subpoenaed as "Confidential" or "Attorneys' Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only." In the case of electronically stored information produced in native format, by including "Confidential" or "Attorneys' Eyes Only" in the file or directory name, by affixing the legend "Confidential" to the discovery material (e.g., CD-ROM, floppy disk, DVD). In lieu of marking the original of a document, if the original is not produced, the designating Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at the deposition of a Party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this Litigation, or the deposition of a third party may be designated by any Party as "Confidential" or "Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Protective Order.

Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

Any Party may also designate information disclosed at such deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all of the Parties in writing within twenty (20) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession,

custody, or control. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of twenty (20) days after the receipt of the transcript, except that the deposition transcript may be disclosed to the deponent at any point after receipt.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6. Nothing shall be designated as "Attorneys' Eyes Only" information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating Party, or that otherwise contains highly sensitive business or other information, and which includes as a major portion subject matter which is believed to be unknown to the opposing Party or Parties, or any of the employees of the corporate Parties. Information may only be marked "Attorneys' Eyes Only" if, in a good faith belief by such Party and its counsel, the information is considered to be so commercially sensitive by the Party that harm would result to the producing or designating Party if viewed by persons other than counsel. Accordingly, this Court does not expect this designation to be widely used. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only" information if it is information that either:

    a. is in the public domain at the time of disclosure through no fault of the other Party, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

      c.      the receiving Party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

      d.      the receiving Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

7.      Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within twenty (20) days of the entry of this order.  Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party.

8.      Documents to be inspected shall be treated as "Attorneys' Eyes Only" during inspection.  At the time of copying for the receiving Parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only" by the producing Party.

### Challenges to Designations

9.      A Party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event any Party disagrees at any state of these proceedings with the designation by the designating Party of any information as "Confidential" or "Attorneys' Eyes Only" or the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting Party may invoke this Protective Order by objecting in writing to the Party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only."  The designating Party shall be required to move the

Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

## Disclosures and Use of Information

10. "Confidential" information shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons. Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

11. Copies of "Attorneys' Eyes Only" information provided to a receiving Party shall be securely maintained, either in physical or electronic form, as may be applicable, by outside counsel for the receiving Party. Any documents produced in this Litigation, regardless of classification, which are provided to Qualified Persons under Paragraph 3(b) above, shall be securely maintained, either in physical or electronic form, as may be applicable, by the Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers, or illustrators for the purpose of this Litigation, subject to appropriate protections regarding the confidentiality of the documents and information at issue.

12. Nothing herein shall prevent disclosure beyond the terms of this order if each Party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected Parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the

document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which Party produced such information.

13. In the event a Party wishes to use any "Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Litigation, such "Attorneys' Eyes Only" information used therein shall be filed under seal with the Court.

14. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this Litigation which have been designated in whole or in part as "Attorneys' Eyes Only" information by a Party.

15. Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

16. This Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this Litigation from conveying to any Party client his evaluation in a general way of "Confidential" or "Attorneys' Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another Party herein, which disclosure would be contrary to the terms of this Protective Order.

17. Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

## Inadvertent Production and Claw Back

18. The inadvertent production of any document or information subject to a claim of privilege or attorney work product shall not be deemed and shall not serve as a basis for claiming a waiver of privilege or doctrine protecting such information. Any privileged or protected document or information inadvertently produced shall be returned to the producing Party promptly upon the discovery of such production by the receiving Party or the producing Party's request made in writing. The receiving Party shall certify in writing that the documents and information were returned and copies were destroyed. If the receiving Party disclosed the privileged or protected information before being notified, such Party must take reasonable steps to retrieve it.

## Conclusion of Litigation

19. Within one hundred eighty (180) days after conclusion of this Litigation and any appeal thereof, any document and all reproductions of documents produced by a Party in the possession of any of the persons qualified under Paragraphs 3(a) through (c) and (e) shall be destroyed with a confirmation of such destruction to the producing Party or returned (without any copies or reproductions made) to the producing Party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. Each Party may, however, retain (subject to the provisions of this Order) one copy of any papers filed with the Court, any deposition transcripts, any deposition exhibits, any written discovery requests or responses, its correspondence file, its consultant and expert witness files, and any attorneys' notes, memoranda, or other work product. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this Litigation, except (a) there

shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a Party may seek either the written permission of the producing Party or order of the Court with respect to dissolution or modification of such protective orders.

### Privilege Log

20.	Consistent with the Federal Rules of Civil Procedure and applicable law, the Parties agree that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must (i) expressly make the claim; and (ii) in a privilege log (the "Privilege Log"), describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim with such description including the date of the document; the names of the author(s) and recipient(s) of each document (Including cc-ed and bcc-ed recipients); the type of privilege or protection claimed; the type of document; and a brief description of the document Including the subject matter thereof.  Unless otherwise agreed or ordered by the Court, the Privilege Log should be produced within 21 days after documents are produced, to be amended as needed on an ongoing basis.

### Miscellaneous

21.	Violation of the terms of this Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be fixed by the Court in its discretion.

22.	All notices under this Agreement must be in writing and will be deemed to have been duly given (a) if personally delivered, on the date of delivery, (b) if delivered by express courier service of national standing for next day delivery (with charges prepaid), on the business

day following the date of delivery to such courier service, (c) if delivered by telecopy (with confirmation of delivery), on the date of transmission if on a business day before 5:00 p.m. local time of the recipient party (otherwise on the next succeeding business day) and (d) if deposited in the United States mail, first-class postage prepaid, on the date of delivery, in each case to the appropriate addresses or facsimile designated by each party.

23.     The Parties may, by stipulation, provide for exceptions to this order and any Party may seek an order of this Court modifying this Protective Order.

SIGNED this _____ day of August, 2019.

_____<br>
DISTRICT COURT JUDGE

AGREED AS TO SUBSTANCE AND FORM:

*/s/ Paul Green*
Robert A. McNiel
State Bar No. 24043814
rmcniel@cbsattorneys.com
Paul Green
State Bar No. 24081405
pgreen@cbsattorneys.com
CALHOUN BHELLA & SECHREST
325 N. Saint Paul Street
Suite 2300
Dallas, Texas 75201
Telephone:  (214) 981-9200
Facsimile:  (214) 981-9203

*Counsel for Defendant ACON Investments, L.L.C.*

*/s/ Thomas D. Cunningham*
Penny P. Reid
State Bar No. 15402570
Fed. Bar No. 23583
preid@sidley.com
Tiffanie N. Limbrick
State Bar No. 24087928
Fed. Bar No. 2799856
tlimbrick@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

Thomas D. Cunningham, *admitted pro hac vice*
Illinois Bar No. 6229088
tcunningham@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel for Plaintiff Fiesta Mart, L.L.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIESTA MART, L.L.C, § § § *Plaintiff,* § § vs. § § ACON INVESTMENTS, LCC, § § *Defendant.* § § | Civil Action No. 4:18-cv-04704 Hon. Ewing Werlein, Jr. |

**EXHIBIT A**

**<u>CONFIDENTIALITY ACKNOWLEDGEMENT</u>**

1. My name is _____.

2. My address is _____.

3. I am employed as (position) _____ by (name and address of employer),_____.

4. I have received a copy of the Protective Order as executed by representatives for Fiesta Mart, L.L.C and ACON Investments, LLC, and have carefully read and understand its provisions. I agree to be bound by and comply with all of the provisions of the Confidentiality Agreement and specifically agree to abide by its restrictions.

5. I further agree to submit to the jurisdiction of Texas Courts (state and federal) for enforcement of the Confidentiality Agreement.

(Signature)_____

Date: _____